UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAXWELL D. NALDER PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-933-DPJ-ASH

KELSEY A. WALSH, M.D., ET AL. DEFENDANTS

ORDER

This case is before the Court on Plaintiff Maxwell D. Nalder's unopposed motion for a status conference and a stay of all pending case-management deadlines pending a ruling on his motion for leave to amend the complaint. Mot. [67]. For the reasons explained below, the Court denies the motion.

I. Facts and Procedural History

Nalder filed this complaint against Dr. Kelsey A. Walsh, M.D., Globus Medical, Inc., and Globus Medical North America, Inc., on December 5, 2025. Walsh answered the Complaint on January 5, 2026, and the Globus Defendants filed a motion to dismiss on January 30, 2026. On February 19, 2026, the undersigned held a telephonic case management conference, and the following day, the Court entered a case management order [20] that set deadlines in the case. Despite the pending motion to dismiss, the parties (first Walsh, and later Nalder and the Globus Defendants) began to exchange written discovery and, in April, began noticing depositions. In early June, the parties sought and were granted a two-month extension of all deadlines, and in July, Judge Jordan granted in part and denied in part the Globus Defendants' motion to dismiss but gave Nalder 14 days within which to file a motion for leave to amend as to two claims dismissed without prejudice. Order [49]. The Globus Defendants then answered [51] Nalder's complaint.

On July 30, 2026, Nalder sought leave to amend, but his initial motion did not attach his proposed amended complaint as required by Local Rule 15, so on August 5, 2026, he filed an amended motion for leave to file an amended complaint. Because the proposed amended complaint purported to add new claims beyond those dismissed without prejudice, the Globus Defendants responded in opposition to Nalder's motion. *See* Mem. [64] at 4 (Globus does . . . oppose the filing of Plaintiff's two new causes of action . . . ."). *But see id.* (indicating Globus does *not* oppose Nalder repleading the two claims Judge Jordan dismissed).[1] In the meantime, the Court on August 12, 2026, granted Nalder's motion for a 30-day extension of the expert-designation deadlines. The current case management deadlines and settings are:

- Plaintiff's expert-designation deadline: September 17, 2026
- Settlement conference: September 23, 2026
- Defendants' expert-designation deadline: October 15, 2026
- Discovery deadline: November 16, 2026
- Motions deadline: November 30, 2026
- Pre-trial conference: April 9, 2027
- Trial: two-week term of court commencing May 17, 2027

Citing the uncertainty as to "the scope of the pleadings" while the motion to amend remains pending, Nalder filed his unopposed motion for a status conference and a stay of all case-management deadlines until after the Court rules on the motion for leave to amend. Mot. [67] ¶ 10.

[1] Walsh does not oppose the motion for leave to amend. Resp. [62].

II. Analysis

"The district court has general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). The Fifth Circuit has explained that "[t]he granting of indefinite stays should not be a quotidian exercise," and a party seeking a stay "bears a heavy burden to show why a stay should be granted absent statutory authorization." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 & 203 n.6 (5th Cir. 1985). "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.* at 203 n.6; *see also X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) ("Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion because *this alone* falls short of demonstrating good cause. . . . Only upon a sufficient showing of good cause will this Court deviate from its usual practice by exercising discretion to stay discovery." (emphasis added) (citations omitted)). The Court concludes that a stay of all deadlines in this case pending a ruling on the motion for leave to amend is not in the interests of justice.

Nalder suggests that the issues are not presently joined given the pending motion for leave to amend. The Court disagrees: all Defendants have answered the operative pleading, and it is the claims in that pleading (less those dismissed by Judge Jordan) that are presently joined in the case. *See Jackson v. City of Vicksburg*, 361 F.2d 473, 473 (5th Cir. 1966) (explaining that "issue [was] joined by answers denying the allegations"). If and when Judge Jordan grants Nalder's motion, additional issues may be injected into the case. But the fact that that *might* happen based on a motion Nalder filed close to his expert-designation deadline does not justify

pausing the case entirely this far into the discovery period.[2] The "scope of the pleadings" is more clear now—with answers from all Defendants—than it was while the Globus Defendants' motion to dismiss was pending, but the parties did not seek a stay at that time and in fact have engaged in discovery both before and after the ruling on that motion. Mot. [67] ¶ 10. That fact belies Nadler's contention that a stay is now needed. In short, the Court finds no reason to put this case on hold pending a ruling on the motion for leave to amend.[3]

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Because Nadler has not shown a stay of all deadlines is necessary, the request for a stay is denied. The Court likewise finds a status conference is not needed at this time, so the request for a status conference is likewise denied. In sum, the Court denies Nadler's unopposed motion [67].

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[2] This case is not the only matter before the Court, and it does not provide estimates or predictions on when it will dispose of the pending opposed motion to amend. That being said, it appears that but for the new claims, Nalder's motion would be unopposed.

[3] Given the approaching deadlines, the undersigned would consider a motion to briefly extend the expert-designation deadlines without upsetting any of the other settings.